**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JACOB DUNHAM,

Plaintiff,

v.

SECRET SERVICE,

Defendant.

Case No. 26-1274-JWB-BGS

**REPORT AND RECOMMENDATION FOR DISMISSAL**

Plaintiff Jacob Dunham brings this action pro se against the United States Secret Service. *See* Doc. 1. By separate order, the Court granted Plaintiff leave to proceed without prepayment of fees. He seeks $50 million, an investigation, and relief from alleged ongoing misconduct. The undersigned recommends dismissal without prejudice. The complaint does not establish a waiver of sovereign immunity permitting the damages claims against the Secret Service. Nor does it identify a legally required investigation or provide a factual account sufficient to give notice of a claim for injunctive relief.

## I. Governing Standard

When a plaintiff proceeds in forma pauperis, the Court must dismiss the case at any time if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The failure to state a claim standard is the same one that governs a motion under Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The Court accepts well-pleaded facts as true and draws reasonable inferences in Plaintiff's favor, but the complaint must contain enough factual matter to state a plausible claim. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Because Plaintiff proceeds pro se, the Court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But that liberal construction does not permit the Court to assume the role of advocate or supply facts needed to support a claim. *Id.* Rule 8 still requires a short and plain statement of the grounds for jurisdiction and a short and plain statement showing entitlement to relief. Fed. R. Civ. P. 8(a)(1)–(2). A pro se litigant may satisfy the latter requirement by explaining what each defendant did, when the defendant did it, how the conduct harmed the plaintiff, and what specific legal right the plaintiff believes was violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Court also has an independent obligation to confirm subject-matter jurisdiction. If jurisdiction is lacking, the Court must dismiss the claim. Fed. R. Civ. P. 12(h)(3). A dismissal for lack of jurisdiction must be without prejudice because the Court cannot reach the merits. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216, 1218 (10th Cir. 2006). Finally, dismissal without another opportunity to amend is appropriate when it is obvious that the plaintiff cannot prevail on the facts alleged and further amendment would be futile. *Kay*, 500 F.3d at 1217.

## II. Background

Plaintiff filed his complaint on September 9, 2026. *See* Doc. 1. He names the Secret Service as the sole Defendant and identifies it as part of the federal government. *Id.* at 1–2. He names no individual officers. *Id.* The statement of claim section consists of a list of asserted wrongs: destruction of property, false death reporting for the purpose of harm, illegal cellphone tapping, harassment, embarrassment, gangstalking, forgery, and destruction of evidence. *Id.* at 3. Beyond this list, Plaintiff provides no factual account of the alleged wrongdoing. He does not describe any particular instance of property destruction, identify a false report or forged document, or explain what communication allegedly was intercepted. *Id.* at 3. Nor does he state when or where any event

occurred or explain how the Secret Service was involved. *Id.* These omissions extend to each of the listed wrongs. Plaintiff also fails to cite any relevant federal law or any claim on which he could prevail.

Plaintiff seeks $50 million and checks the boxes requesting actual and punitive damages. *Id.* at 4. He also requests an investigation to prevent future harm. *Id.* He indicates that the alleged wrongs continue. *Id.* Liberally construed, the complaint also requests an order stopping the alleged ongoing conduct.

The exhibits contain several business and service-provider cards and a UPS receipt reflecting an August 12, 2026 shipment to FBI Headquarters in Washington, D.C. *See* Doc. 1-1 at 1–2. The exhibits do not explain how the cards relate to Plaintiff's allegations or identify the contents of the shipment. *Id.* In response to the complaint form's question whether he has presented his claims through an administrative procedure within a government agency, Plaintiff checks "No." Doc. 1 at 5.

**III. Analysis**

The complaint's lack of a factual account is a glaring deficiency that falls well short of stating a valid claim. Plaintiff lists asserted wrongs but does not describe the underlying conduct or explain the Secret Service's involvement. Rule 8 requires a short and plain statement identifying the claim and giving the defendant fair notice of what it must answer. Fed. R. Civ. P. 8(a)(2); *Nasious*, 492 F.3d at 1163. Plaintiff's pro se status does not relieve him of the obligation to allege supporting facts, and liberal construction does not permit the Court to supply those facts or act as his advocate. *Hall*, 935 F.2d at 1110.

Nevertheless, the Court considers the potential bases for relief reasonably suggested by Plaintiff's allegations. The Court first addresses the jurisdictional barriers to his damages claims,

then considers his requests for an investigation and relief stopping the alleged misconduct. This analysis also identifies legal defects that additional factual detail would not cure.

### A. Claims for Monetary Relief

The United States and its agencies are immune from suit unless Congress has waived that immunity. *Daley v. Ceja*, 158 F.4th 1152, 1156 (10th Cir. 2025). Sovereign immunity limits the Court's subject-matter jurisdiction. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The complaint identifies no applicable waiver permitting Plaintiff to recover damages from the Secret Service. The Court nevertheless considers three potential bases for damages reasonably suggested by the allegations: constitutional claims under *Bivens*, tort claims under the Federal Tort Claims Act, and a claim under 18 U.S.C. § 2712 based on the alleged cellphone tapping.

#### 1. Constitutional Claims under *Bivens*

Construing the complaint to allege constitutional violations does not supply a damages remedy against the agency. The Supreme Court case, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), recognized a damages remedy against individual federal officers for a Fourth Amendment violation. That remedy does not extend to federal agencies. *Meyer*, 510 U.S. at 484–86. Plaintiff has sued only the Secret Service. Doc. 1 at 1–2. His allegations therefore do not overcome the agency's immunity or authorize a *Bivens* claim.

#### 2. Claims Under the Federal Tort Claims Act

The property-damage allegations also suggest a possible claim under the Federal Tort Claims Act ("FTCA"). The FTCA permits certain tort claims against the United States, but the United States is the only proper defendant in such an action. 28 U.S.C. § 1346(b)(1); *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009). The statute does not authorize an FTCA claim against the Secret Service in its own name. *See* 28 U.S.C. § 2679(a).

Even if the complaint were construed as asserting an FTCA claim against the United States, Plaintiff has not alleged the required exhaustion. Before filing suit, a claimant must present the claim to the appropriate federal agency and receive a final written denial or allow six months to pass without a final disposition. 28 U.S.C. § 2675(a). That requirement is jurisdictional. *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999). Plaintiff states that the claims asserted in this action have not been presented through an administrative procedure within a government agency. Doc. 1 at 5. His own response therefore establishes that he did not exhaust administrative remedies before filing suit. The Court lacks jurisdiction over any construed FTCA claim.

**3. Claims Under 18 U.S.C. § 2712**

The allegation of illegal cellphone tapping also warrants brief consideration of 18 U.S.C. § 2712. That statute authorizes damages actions against the United States for specified willful violations of federal communications-surveillance laws. 18 U.S.C. § 2712(a). It does not authorize a damages action against the Secret Service itself. Moreover, an action under § 2712 may begin only after presentment of a claim to the appropriate department or agency under the FTCA's procedures. *Id.* § 2712(b)(1). Plaintiff states that he has not presented these claims through an administrative procedure. Section 2712 therefore provides no basis for allowing the damages claims as pleaded to proceed against the named agency.

Because the complaint does not establish an applicable waiver of the Secret Service's immunity from these damages claims, the undersigned recommends their dismissal without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Brereton*, 434 F.3d at 1216.

**B. Requests for Nonmonetary Relief**

The requests for nonmonetary relief require a separate analysis. Section 702 of the Administrative Procedure Act, codified at 5 U.S.C. § 702, waives sovereign immunity for qualifying

claims seeking relief other than money damages, and that waiver extends beyond causes of action under the Administrative Procedure Act. 5 U.S.C. § 702; *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1233 (10th Cir. 2005) (explaining that § 702's waiver is not limited to APA claims and applying it to a prisoner's constitutional claim for injunctive relief against federal officials). An agency may itself be named as a defendant in an appropriate action for judicial review. 5 U.S.C. § 703. Naming the Secret Service rather than an individual officer thus does not, by itself, defeat Plaintiff's request for injunctive relief.

**1. Request for an Investigation**

Plaintiff asks the Court to order an investigation so that future harm is prevented. Doc. 1 at 4. Agency decisions whether to undertake enforcement ordinarily involve matters committed to agency discretion. *Heckler v. Chaney*, 470 U.S. 821, 831–33 (1985). Under the APA, a court may compel only a discrete agency action that the agency is legally required to take. 5 U.S.C. § 706(1); *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (explaining that a court may compel legally required agency action but may not dictate its substance when the law leaves that choice to the agency's discretion). Mandamus likewise requires a clearly defined, nondiscretionary duty owed to the plaintiff. 28 U.S.C. § 1361; *Simmat*, 413 F.3d at 1235. The existence of that duty is a jurisdictional requirement for mandamus. *Marquez-Ramos v. Reno*, 69 F.3d 477, 479 & n.3 (10th Cir. 1995).

The complaint identifies no such duty. It does not describe a particular legally required act that the Secret Service has withheld. Instead, Plaintiff seeks a general investigation of the asserted wrongdoing. Doc. 1 at 3–4. His desire to prevent future harm does not provide a legal basis for directing the agency's investigative decisions. The undersigned therefore recommends dismissal without prejudice of any construed mandamus claim for lack of jurisdiction and any construed APA claim for failure to state a claim under § 1915(e)(2)(B)(ii).

### 2. Request to Stop Ongoing Misconduct

The Court also construes the complaint to request an order stopping the alleged ongoing conduct. Doc. 1 at 4. Federal courts may grant prospective relief against unconstitutional federal conduct in an appropriate case. *Simmat*, 413 F.3d at 1231–33. But a request for that relief must rest on a complaint that identifies the conduct at issue and gives the defendant fair notice of the claim. Fed. R. Civ. P. 8(a)(2); *Nasious*, 492 F.3d at 1163.

The deficiencies described above prevent the Court and the Secret Service from determining what conduct Plaintiff seeks to enjoin. The complaint supplies no factual narrative identifying the events underlying his request or explaining the agency's involvement. Doc. 1 at 3–4. The exhibits supply no such account either. Doc. 1-1 at 1–2. The Court cannot construct that account from the labels Plaintiff provides. *See Hall*, 935 F.2d at 1110. The undersigned therefore recommends dismissal of this request without prejudice under Rule 41(b) for failure to provide an intelligible statement of the claim required by Rule 8. *See Nasious*, 492 F.3d at 1161–63.

## IV. Recommendation

For these reasons, the undersigned recommends that the District Judge dismiss this action without prejudice. Specifically, the undersigned recommends dismissal of the damages claims and any construed mandamus claim for lack of subject-matter jurisdiction; dismissal of any construed APA claim to compel an investigation under § 1915(e)(2)(B)(ii); and dismissal of the remaining request to stop alleged misconduct under Rule 41(b) for failure to comply with Rule 8.[1]

[1] Liberally construed, Plaintiff's allegations against the Secret Service reasonably suggest claims under statutes authorizing certain suits against the United States, including the FTCA and 18 U.S.C. § 2712. The Court therefore addressed the requirements and limitations governing those claims, including sovereign immunity, rather than determining that the entire action presented no substantial federal question. *See Shapiro v. McManus*, 577 U.S. 39, 45–46 (2015) (distinguishing failure to raise a substantial federal question from failure to state a claim for relief).

Under 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b), and D. Kan. Rule 72.1.4(b), Plaintiff may serve and file written objections to this Report and Recommendation within fourteen days after service. Any objections must be both timely and specific. If service is made by mail, three additional days are added under Federal Rule of Civil Procedure 6(d). Failure to file timely, specific objections waives appellate review of the proposed factual findings and legal conclusions. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Clerk is directed to mail a copy of this Report and Recommendation to Plaintiff by regular mail at his address of record: 200 N Elm, Edna, Kansas 67342.

**IT IS SO RECOMMENDED.**

/s/ Brooks Severson
Brooks G. Severson
United States Magistrate Judge