IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JACOB DUNHAM,

Plaintiff,

v. Case No. 26-1274-JWB

SECRET SERVICE,

Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Magistrate Judge Brooks G. Severson's report and recommendation ("R&R") that recommends dismissal of Plaintiff's complaint for failure to state a claim. (Doc. 5.) Plaintiff has filed no objection to the R&R and the time for doing so has now passed. For the reasons stated herein, the court ADOPTS the R&R and this case is DISMISSED WITHOUT PREJUDICE.

On September 9, 2026, Plaintiff Jacob Dunham filed a pro se complaint against the United States Secret Service alleging destruction of property, false death reporting for the purpose of harm, illegal cellphone tapping, harassment and embarrassment, gangstalking, forgery, and destruction of evidence. (Doc. 1.) He seeks $50,000,000 in damages and requests both an investigation and legal representation. (*Id.*) Plaintiff's motion to proceed in forma pauperis was granted by the magistrate judge. (Doc. 4.)

Here, Magistrate Judge Severson screened Mr. Dunham's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and recommends that the court dismiss the complaint on the basis that Mr. Dunham asserted wrongs without describing the underlying conduct or the Secret Service's involvement; cannot bring suit against the Secret Service; and did not present his claims to the

appropriate federal agencies before filing this action. (Doc. 5.) The court must conduct a *de novo* review of those portions of the R&R to which an objection has been made. *See* 28 U.S.C. § 636(b)(1). Because Mr. Dunham has made no objections, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

When a plaintiff proceeds in forma pauperis, the court must dismiss the case at any time if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The failure-to-state-a-claim standard is the same one that governs a motion under Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The court accepts well pleaded facts as true and draws reasonable inferences in the plaintiff's favor, but the complaint must contain enough factual matter to state a plausible claim. *Id.*; *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Because Mr. Dunham proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But that liberal construction does not permit the court to assume the role of advocate or supply facts needed to support a claim. *Id.* The Federal Rules of Civil Procedure still require a short and plain statement of the grounds for jurisdiction and a short and plain statement showing entitlement to relief. Fed. R. Civ. P. 8(a)(1)–(2). A pro se plaintiff may satisfy the latter requirement by explaining what each defendant did, when the defendant did it, how the conduct harmed the plaintiff, and what specific legal right the plaintiff believes was violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Here, Mr. Dunham provides no facts to support his claims. (*See generally* Doc. 1.) He also identifies no waiver provision permitting him to seek damages from the Secret Service. *See*

*Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urb. Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009). Moreover, to the extent that Mr. Dunham alleges constitutional violations, he cannot seek money damages against the Secret Service for such violations. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 473 (1994). Nor can he prevail on a tort action under the Federal Tort Claims Act; that law permits certain tort claims against the United States only, not federal agencies, and requires that the plaintiff present a claim to the appropriate federal agency, which Mr. Dunham does not allege he did. *See* 28 U.S.C. §§ 2675(a), 2679(b)(1). For similar reasons, he cannot prevail on a claim of willful violation of federal electronic-communications and surveillance laws. *See* 18 U.S.C. § 2712(a)–(b).

Accordingly, the court ADOPTS the R&R and DISMISSES WITHOUT PREJUDICE Mr. Dunham's complaint for failure to state a claim on which relief may be granted.

IT IS SO ORDERED. Dated this 7th day of October, 2026.

s/ John Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE